NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMINDERPAL SINGH, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 15-70487 16-71008 Agency No. A095-576-383 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2018**
Seattle, Washington

Before: HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Paraminderpal Singh, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

Immigration Judge's ("IJ") decision denying his application for protection under

the Convention Against Torture ("CAT"), as well as the BIA's denial of Singh's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

motions to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To prevail on a claim for CAT relief, a petitioner must show that, more likely than not, he or she will be tortured upon removal from the United States. *See* 8 C.F.R. § 1208.17. We review denials of CAT relief for substantial evidence and "will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (citations and quotation marks omitted). The BIA's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the BIA's denial of CAT relief. Singh argues that, if removed to India, he would more likely than not be tortured by police (or vigilante groups with tacit approval of the police) because of his uncle's involvement with the Khalistan movement and because of Singh's tattoos that could be interpreted as supporting the Khalistan movement. Evidence in the record indicated that families of militants are no longer targeted by the police, Singh was never harmed or sought out by police, and Singh was never involved in the Khalistan movement. The BIA and IJ also considered the treatment of Singh's family in the determination that Singh did not meet his burden for CAT relief. Considered as a whole, the evidence does not "compel" the conclusion that Singh

will more likely than not be tortured by the police if removed to India. *See id.*

The BIA did not err in rejecting Singh's ineffective assistance of counsel claim because Singh failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and his counsel's alleged ineffective assistance was not "clear" from the record, *see Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000).

**PETITION DENIED**.